IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PACE PROPERTIES, LLC,**

      **Plaintiff,**

v.                                                                          Case No. 3:08cv345/MCR/EMT

**EXCELSIOR CONSTRUCTION, INC.,**

      **Defendant.**

_____/

## O R D E R

This matter comes before the court on plaintiff's motion to remand and plaintiff's motion to dismiss defendant's counterclaims for improper venue.  Defendant has responded.  For the following reasons, both motions will be denied.

**Facts and Procedural History**

This diversity action stems from a contract dispute between the Plaintiff, Pace Properties, LLC, a land developer, and the Defendant, Excelsior Construction, Inc., a general contractor.  According to the complaint, in May 2006, the parties entered into a contract for Excelsior to provide construction services at Pace's subdivision in Santa Rosa County, Florida.  Allegedly, the parties operated under that contract until May 2008, when Excelsior stopped work and removed its equipment from the site.

In July 2008, Excelsior filed a lien against Pace's property in the Circuit Court for Santa Rosa County, on the grounds that it was owed money under the contract for labor and materials it had furnished to Pace in connection with the sitework.  In response, Pace filed a case in the same court seeking to discharge the lien.  Pace's complaint also contained additional related counts against Excelsior.  Excelsior answered and counterclaimed.

On August 14, 2008, Excelsior removed Pace's state-court case to this court based on diversity jurisdiction. Pace timely filed the present motions to remand and to dismiss for improper venue, both of which are based on a forum selection clause in the parties' contract, which reads as follows:

> "The arbitration provisions of the A-201 General Conditions are hereby deleted and replaced with the following dispute-resolution provision: Any and all disputes arising from these contract documents shall be subject to litigation in state court in Escambia County, Pensacola, Florida."

The parties agree that this clause embraces the subject matter of this dispute. Both parties also assume that the clause *requires* all litigation to be conducted in the designated forum, which would be the Circuit Court for Escambia County. The parties acknowledge, however, that all state-court litigation thus far has been conducted in the Circuit Court for Santa Rosa County instead. This fact has given rise to competing positions on the current enforceability of the clause.

Pace's motion to remand and motion to dismiss Excelsior's counterclaims for improper venue raise identical arguments. Pace emphasizes the mandatory word "shall" and the phrase "in state court" to support its argument that the forum selection clause is indicative of the parties' intent to litigate only in a state court forum, to the exclusion of all other forums. Pace insists that by agreeing to the clause, Excelsior waived the right to remove the action to federal court, and thus remand is required.

Excelsior responds with two arguments. First, it argues that Pace waived its right to enforce the forum selection clause requiring litigation in Escambia County because Pace initiated litigation in a different county, Santa Rosa County. Second, Excelsior insists the clause is invalid, and thus remand not warranted, because the clause's designation of an Escambia County forum is irreconcilable with Florida's local action rule, which requires *in rem* proceedings to be litigated in the court where the property is located, which in this case is Santa Rosa County. *See Publix Super Markets, Inc. v. Cheesbro Roofing, Inc.*, 502 So.2d 484, 487 (Fla. 5th DCA 1987).

**Legal Standards**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).  A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal, as a matter of fact and law.  *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).  Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction."  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *see also Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) *and Pacheco de Perez*, 139 F.3d at 1373.

After removal, the plaintiff may move to remand the case to state court pursuant to 28 U.S.C. § 1447(c).  A motion based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal.  28 U.S.C. § 1447(c).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *Id.*  Although § 1447(c) does not expressly state that a district court can remand an action to enforce a forum selection clause, the Eleventh Circuit has held that district courts have "inherent power to remand a removed case when appropriate to enforce a forum selection clause."  *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999).

Forum selection clauses are enforceable by federal courts.  *See M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).  Federal law, rather than state law, governs the determination of whether to enforce a forum selection clause in a diversity jurisdiction case.  *P&S Business Machines, Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807 (11th Cir. 2003).  Such clauses will be enforced so long as enforcement would not be unreasonable or unjust and the clause was not the

product of fraud or overreaching. *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985) (per curiam) (citing *M/S Bremen*, 407 U.S. at 15).

Forum selection clauses are interpreted according to ordinary contract principles and may constitute waivers of the right to remove. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271–72 (11th Cir. 2004); *Snapper*, 171 F.3d at 1260–61. Only forum selection clauses which "unambiguously designate the forum in which the parties must enforce their rights under the contract will be enforced." *J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F.Supp.2d 1258, 1268 (M.D.Fla. 2007) (citations omitted). Even then, courts in the Eleventh Circuit will find a waiver of the statutory right to removal only in cases where the forum selection clause mandates that litigation take place in a particular forum, to the exclusion of another forum. *See Stateline Power Corp. v. Kremer*, 148 F.App'x 770, 771–72 (11th Cir. 2005).

**Discussion**

Pace's motion to remand this case requires the court to interpret the forum selection clause in the parties' agreement. Forum selection clauses are generally considered either mandatory, in which there is a clear, unequivocal expression of the parties' intent to exclusively limit the forum to a particular venue or court, or permissive, in which there is no clear expression of exclusivity but rather an understanding that the parties have consented to venue or jurisdiction in a particular forum. *See Global Satellite*, 378 F.3d at 1272. On review, the court finds the clause in this case permissive rather than mandatory. It reads, "Any and all disputes arising from these contract documents shall be subject to litigation in state court . . . ." Although this language does contain the mandatory word "shall," it mandates only that the parties consent to jurisdiction in state court; in other words, neither party can object to the jurisdiction of the state court. The clause, however, does not demand that litigation take place <u>only</u> in state court. Absent words of exclusivity, the clause is permissive and does not preclude removal to federal court. This finding comports with the decisions of other courts in this circuit on nearly identical language. *See, e.g., Taylor, Bean & Whitaker Mortgage Corp. v. GMAC Mortgage Corp.*, No. 5:05-cv-260-Oc-10GRJ, 2006

WL 4990903, at *3–4 (M.D.Fla. 2006) (finding "shall be subject to the jurisdiction of," without any exclusive words, to be permissive) *and E-One, Inc. v. R. Cushman & Assocs., Inc.*, No. 5:05-cv-209-Oc-10GRJ, 2006 WL 2599130, at *9 (M.D.Fla. 2006) (finding "subject to the jurisdiction of," without any exclusive words, to be permissive). *See also Stateline Power*, 148 F.App'x at 771–72 (absent words of exclusivity, clause was permissive). Therefore, Pace's motion to remand will be denied.[1]

Pace also moves to dismiss Excelsior's counterclaims for improper venue. Pace acknowledges that these counterclaims were originally brought in state court, but now argues that they cannot be heard in federal court because that would violate the forum selection clause. In the Eleventh Circuit, a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) is an appropriate mechanism to enforce a mandatory forum selection clause. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998). However, Pace's motion to dismiss relies on the same incorrect analysis of the clause presented in its motion to remand. Because the clause does not mandate litigation exclusively in state court, federal court is not an improper venue for this action. Thus, Pace's motion to dismiss will also be denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to remand (doc. 6) is DENIED.
2. Plaintiff's motion to dismiss (doc. 8) is DENIED.
3. Defendant's answer is within 10 days of this order.
4. Pursuant to the court's September 9, 2008, order granting the joint motion for extension of time, the parties must conduct the conference required by Fed. R. Civ. P. 26(f) within **20 days** of the date of this order. The initial disclosure of witnesses required by Fed. R. Civ. P. 26(a)(1) and the joint report of the parties shall be due within

---

[1] The court recognizes that Excelsior did not argue that the clause is permissive, which might have supported its opposition to Pace's motions. Its failure to raise this argument does not foreclose the court's interpretation, however, because the interpretation of a contract is a task this court performs as a matter of law. *Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1256 (11th Cir. 2006).

**30 days** of the date of this order.  Following the filing of the joint report, the court will enter a final scheduling order.

  **DONE and ORDERED** this 18th day of November, 2008.

          *s/ M. Casey Rodgers*
         **M. CASEY RODGERS**
         **UNITED STATES DISTRICT JUDGE**