IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PACE PROPERTIES, LLC,
    Plaintiff,

v.                                      Case No. 3:08cv345/MCR/EMT

EXCELSIOR CONSTRUCTION, INC.,
    Defendant.
_____/

**O R D E R**

        This cause is before the court upon Defendant Excelsior Construction, Inc.'s ("ECI") Motion to Compel Documents in Possession of Third Party, Merrill Parker & Shaw, Inc. ("MPS") (Doc. 121) and Plaintiff's ("Pace") response in opposition thereto (Doc. 133).

        ECI states that on April 27, 2009, ECI issued a subpoena duces tecum directed to MPS, seeking production or inspection of all documents in MPS's possession related to the Stonechase development project (Doc. 121 at 2).  Pace, the owner of Stonechase, objected to the production of some documents in MPS's possession based on the work-product doctrine ("WP") and attorney-client privilege ("AC") (*id.* at 2–3).  More specifically, Pace claims to have hired MPS, or its principal, William Merrill, as a "consulting expert" in December 2007, because Pace apparently anticipated that the parties' disputes would ultimately result in litigation (*id.* at 2).  ECI, however, asserts entitlement to the documents at issue, contending that MPS is neither "an agent of Pace in all respects," nor a "consulting expert by which its communications and documents regarding ECI's pay applications and claims are protected" (*id.* at 2–3).

        After the parties' attempts at resolving this matter failed, ECI filed the instant motion to compel, seeking an order compelling production of the disputed documents.  The documents in dispute consist of seventy (70) emails, exchanged between January 18, 2008 and February 14, 2009, as listed in Pace's Amended Privilege Log (Doc. 121, Ex. A).  A review of the log reveals that Pace has asserted objections to each of the seventy emails based on both AC and WP (*id.*).

The court has determined that an in-camera inspection of the disputed documents may be helpful in resolving this matter; therefore, the court shall require Pace to provide it with hard copies of the documents. Moreover, the court notes that ECI attempted to differentiate certain documents in Pace's Amended Privilege Log (Doc. 121, Ex. A) by the use of "grey shading" (*see* Doc. 121 at 4). However, the shading is not visible on the court's hard copy of Exhibit A, which was printed from the CM/ECF docketing system. While not crucial to the court's decision, a shaded copy of Exhibit A may also be helpful, and the court shall require ECI to provide it with a shaded copy.[1]

Accordingly, it is **ORDERED**:

1.      Within **FOURTEEN (14) DAYS** of the date of docketing of this order, Plaintiff Pace Properties, LLC, shall provide a hard copy of the disputed documents, to the office of the undersigned, for this court's in-camera inspection. Within the same time, Pace shall electronically file a notice indicating that it has provided the copies as directed in this order.

2.      Within **FOURTEEN (14) DAYS** of the date of docketing of this order, Defendant Excelsior Construction, Inc. shall provide a "grey shaded" hard copy of Pace's Amended Privilege Log (Doc. 121, Ex. A) to the office of the undersigned. Excelsior need not file a notice indicating that it has done so.

**DONE AND ORDERED** this 16th day of June 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court notes that Defendant has filed a motion for summary judgment (Doc. 63), the motion is pending before the district court, and its resolution may make the instant dispute moot. Moreover, the time for submitting evidentiary material in support of the summary judgment motion has passed (*see, e.g.*, Doc. 67 (noting that Defendant's motion for summary judgment would be taken under advisement on April 24, 2009, that all evidentiary materials must be filed prior to the advisement date, and that only those evidentiary materials filed prior to the advisement date would be considered in ruling on the summary judgment motion)). Thus, because it is Defendant who seeks the documents at issue in the instant motion, the undersigned shall hold the instant dispute in abeyance pending a ruling on Defendant's summary judgment motion, unless circumstances change that would warrant an earlier resolution of this matter.

Case No.: 3:08cv345/MCR/EMT